**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4472**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MANDRAIL JAMAR WOODBERRY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, Chief District Judge. (1:17-cr-00394-TDS-1)

Submitted: February 28, 2019                    Decided: March 11, 2019

Before GREGORY, Chief Judge, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George E. Crump, III, Rockingham, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Nicole R. Dupre, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mandrail Jamar Woodberry appeals from his 119-month sentence imposed following his guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Woodberry argues that his upward variance sentence is substantively unreasonable. Finding no error, we affirm.

We review a criminal sentence "under a deferential abuse-of-discretion standard," *Gall v. United States*, 552 U.S. 38, 41 (2007), to determine whether the sentence is procedurally and substantively reasonable, *id.* at 51. Because Woodberry does not contend that his sentence is procedurally unreasonable, we review his sentence only for substantive reasonableness considering "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a) [(2012)]." *United States v. Gomez-Jimenez*, 750 F.3d 370, 383 (4th Cir. 2014) (internal quotation marks omitted).

The district court imposed an upward variance sentence four months higher than the top of Woodberry's advisory range after considering the § 3553(a) factors. The court stated that a sentence in excess of the advisory Sentencing Guidelines range was required to provide for just punishment, to promote respect for the law, provide adequate deterrence and—most significantly—to protect the public from Woodberry's continued criminal conduct including his possession and use of firearms. The district court noted that prior incarcerations had not deterred Woodberry from possessing a firearm and as a result he shot his then-pregnant girlfriend while under the influence of cocaine.

2

We conclude that Woodberry's sentence is substantively reasonable. *Id.* The court adequately explained the reasons for and the extent of its upward variance sentence grounded in the § 3553(a) factors, *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017), and we find no merit to Woodberry's argument that "unique factors" precluded a sentence in excess of the Guidelines range.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*